Isaac Williams & *al. versus* Joseph Kinsman.

Where the tenant in a writ of entry claimed to have been in possession of the premises for more than six years before the commencement of the action; and to be entitled to have the value of his improvements allowed to him under the St. 1821, c. 47, § 1, called the *betterment act;* and where it appeared, that he had claimed to be the owner of the land, and as such had given a bond to another, stipulating to convey the same to him on the performance of certain conditions, who entered and made improvements, but failed to perform the conditions of the bond, and gave up the possession and surrendered the bond to the tenant, and sold out the improvements to him; *it was held,* that the tenant was entitled to those improvements in the same manner as if they had been made personally by him.

And where the tenant, thus claiming to be the owner of the land, gave a bond to one, to convey the land to him on the performance of certain conditions, and he entered in submission to the title of the tenant, and made improvements, but forfeited all title to them and to the land by non-performance of the conditions of the bond; *it was held,* that the tenant was entitled to have those improvements allowed to him, as virtually made by himself.

This was a writ of entry, and was tried upon the general issue. The tenant filed a claim for betterments, and the demandant filed a request, that the value of the land might be estimated, as it would have been, had no improvements been made. This suit was commenced April 28, 1838.

The demandants proved title to the premises demanded under a title originating in 1815, and the tenant produced a conveyance of the same land from the same grantor in 1824.

The tenant then introduced one Perley, as a witness, who testified, that in March, 1828, Kinsman gave him a bond for the conveyance of the premises on certain conditions, and that under that bond he entered and commenced making the improvements, for which the tenant claims the value. He testified that this bond, on their settlement, was given up by him to Kinsman. The case states, that the demandants objected to any statement by the witness of the contents of this bond, and that the objection was overruled by TENNEY J. presiding at the trial. It does not appear, however, that the contents of the bond were stated. The witness did testify, that on taking the bond he entered into the premises described therein, called the McKecknie lot, and being the same demanded, and lived thereon about three years, when he surrendered the same and the improvements to the tenant, who paid him for them ; that this was in November, 1830 ; that he continued to reside there until the March following when he left; and that no deed or writing was made to convey his improvements to the tenant. Testimony was then produced by the defendant, that Penney and Norcross occupied the premises until 1834, when McKecknie had a bond from the tenant for the conveyance of the land to him on the performance of certain conditions, which have been broken by him, and entered upon the premises, and has since continued to reside upon the land. McKecknie made a part of the improvements now claimed as betterments by the tenant. " There was testimony tending to show, that the tenant had a general interest in the McKecknie place while Penney and Norcross were thereon, and that he had hay which was cut on the Kinsman tract."

The presiding Judge instructed the jury, that Kinsman, the tenant, having purchased the betterments made by Perley under the circumstances detailed by him, might recover the same in this suit, if he immediately took the possession from Perley, and occupied the premises, and could connect the possession of Perley with that of McKecknie ; and to do this, that they must find, that the tenant had actual possession by Penney and Norcross ; that they might consider the improvements made by

McKecknie as actually made by the tenant; that if they should find Kinsman to have been in possession during the time the premises were occupied by Penney and Norcross, they would allow him for the betterments made by McKecknie under the bond; and that such betterments were in law made by the tenant.

The jury found, that the tenant was entitled to betterments, and the demandant filed exceptions to the ruling and instructions of the Judge.

Exceptions were also filed by the tenant, but they were abandoned at the argument.

*A. W. Paine* argued for the demandant, citing, 1 Stark. Ev. 349; St. 1821, c. 47, § 1; *Mason* v. *Richards*, 15 Pick. 141; *Lombard* v. *Ruggles*, 9 Greenl. 62.

*J. Appleton*, argued for the tenant, citing, *Lombard* v. *Ruggles*, 9 Greenl. 62; Stearns, 89, 175; *Knox* v. *Hook*, 12 Mass. R. 329.

The opinion of the Court was drawn up by

TENNEY J. — The demandants were disseised more than six years, before the commencement of this suit, and buildings and improvements have been made on the premises since such disseisin, by those claiming adversely to the owner. The question before us is, whether the possession has been in the tenant, and continued by him, and those occupying under him, in such a manner, that he is entitled to hold those improvements by virtue of the statute of 1821, c. 47, § 1. In March, 1828, he claimed to own the land by giving to Perley a bond, to convey the same to him; under which Perley went on, and made improvements, retaining the possession till Nov. 1830, at which time he sold all his rights, and upon the sale transmitted them to the tenant. This certainly gave the purchaser advantages, equal to those which he would have acquired, if he had himself made the improvements, claiming to be the owner of the land. From that time Penney and Norcross as his servants occupied the land till the bond was given to McKecknie, to convey on the fulfilment of certain conditions, which have not been per-

formed.   Under this bond McKecknie occupied the land, and made further improvements, which legally belonged to the tenant as between him and McKecknie.   The demandant treats the tenant as claiming a freehold estate ; this is admitted by the tenant in his pleadings.   McKecknie has always occupied in submission to the tenant, and has no legal interest in the premises.   In whom then is the possession, and to whom belong the improvements ?   The value of the land has been increased under the agreement made between the tenant and McKecknie, and we are unable to see how the terms of that agreement, can effect the rights of the parties now in controversy, for it is one to which the demandants are strangers, and it is immaterial to them, whether the contract be, that the improvements should be made by a servant of the tenant, or under a bond to convey the land, on certain conditions, the non-performance of which have worked a forfeiture on his part. The possession of McKecknie was virtually that of the tenant, and we see no error in the instructions.

Exceptions are taken to the ruling of the Judge, that permission was given by the tenant, to prove by parol the contents of the bond given by him to Perley, it having been given up to the obligor, and there being no other proof of its loss.   It is unnecessary to consider, whether this ruling was proper or not, as it appears by the case, that the tenant did not avail himself of that permission, and the contents of the bond were not disclosed under that ruling.

*Judgment on the verdict.*